The Galena and Southern Wisconsin Railroad Company *et al.*

*v.*

William Ennor.

*Filed at Ottawa January 19, 1888.*

Measure of Damages—*on non-delivery of bonds subscribed for—enjoining collection of judgment on failure of consideration.* A railway company recovered a judgment on a subscription for eight of its bonds, secured by mortgage on forty shares of stock, the company having, before judgment, disposed of all its bonds, so that it was out of its power to deliver the same on payment of the judgment. The company was insolvent: *Held,* that the subscriber had the right to have the market value of the bonds at the time the company put it out of its power to deliver them, credited upon the judgment, and if that sum, with other payments or credits, exceeded the judgment, to have its further collection perpetually enjoined.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Jo Daviess county; the Hon. William Brown, Judge, presiding.

Mr. M. Y. Johnson, and Messrs. Trumbull, Robbins & Trumbull, for the appellants.

Mr. R. H. McClellan, and Messrs. D. & T. J. Sheean & McHugh, for the appellee:

When the obligor converts the obligation, the liability for the conversion is the full face of it. (3 Sutherland on Dam-

ages, 522.) And if the vendor sells the goods which he con-
tracted, the party to whom they were contracted may recover
on the basis of the amount the vendor sold for. 2 Sutherland
on Damages, 374.

The judgment plaintiff would be liable to Ennor for money
had and received to his use for the amount it received for his
eight bonds. Cooley on Torts, 92-94; *McDonald v. Brown,* 16
Ill. 32.

It would be unconscionable to permit the judgment plaintiff
to dispose of the bonds at sixty-five cents on the dollar, and
account to Ennor for them at only thirty-two cents. The con-
version of the eight bonds benefited the judgment plaintiff to
the extent of sixty-five cents on the dollar. This sum was the
avail to it of these bonds. *Dock Co. v. Dunlap,* 32 Ill. 207;
*Railroad Co. v. Ennor,* 116 id. 66.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

On May 27, 1887, the Appellate Court for the Second Dis-
trict, from whose judgment this case has been brought before
us by appeal, delivered the following opinion:

WELCH, J.: "This case was before this court in December,
1883, and is reported in 14 Bradw. 327, when the full measure
of relief prayed for was granted the appellant. The appellees
took an appeal to the Supreme Court. The Supreme Court
modified the decree of this court, and remanded the case to
the circuit court for further proceedings in conformity to its
opinion. (116 Ill. 55.) We refer to this opinion for a state-
ment of the case.

"Appellees filed their motion to dismiss this appeal, assigning
various reasons therefor. We overruled the motion, deeming
the reasons insufficient. Appellees, after the overruling of their
motion to dismiss, filed their brief to the merits of the case.

"There is but one question now involved in the case on the
part of the appellant, and that is, whether the circuit court

gave the appellant credit for what, under the opinion of the Supreme Court, he was entitled to, viz.: The proportional share of the eight bonds, for which complainant (appellant) subscribed, in the mortgage security, and the avail of it. Appellant complains of the decree only in this respect. He claims that the circuit court found that value too small, and credited too little on the judgment in this respect. No cross-errors are assigned.

"Justice SHELDON, in the decision of the Supreme Court, says: 'The inability to furnish the bonds has come through the company's default, and it should answer in respect of it upon this judgment, as it is the only mode in which it can be made to respond for the consideration of it. It is of no benefit to complainant to have the bonds *in specie.* They are of themselves, independent of the mortgage security, worthless. It is only their value which, in an equitable view, complainant is entitled to have. This is not necessarily the face value of the bonds, or the price at which they were subscribed for. The company is, we think, under a no more rigorous responsibility than would come from a conversion of the bonds, considering them as held in trust for complainant, at the time the company disposed of them or became unable to deliver them. All the value the bonds ever had, so far as appears, consisted in the mortgage security given for their payment. This mortgage has been foreclosed, and the mortgaged property bought in, in satisfaction of the bonds the mortgage was given to secure, these bonds for which complainant subscribed being among them, they entering into and forming part of the decree of foreclosure.'

"The mortgage sale took place May 3, 1879. At that time, as shown by the testimony of Richard Barrett and Frederick Stahl, the two presidents of said railroad company, there had been built and put in operation about forty miles of railroad. This much had been constructed prior to the election of Stahl as its president. It was from Galena to Plattsville Junction,

thence to Plattsville, and about eight miles from the junction on the line to Montfort. The items that went into its construction and equipment were $100,000 of cash subscriptions, $57,000 of city bonds, and the proceeds of three hundred and sixty bonds of the company, $234,000. In addition to the cash and bonds that went into the construction and equipment of this railroad, there were gifts of the right of way and of depot grounds. It was worth $10,000 per mile. Barrett also states: 'There were no bonds to be delivered to the complainant after June 18, 1878, for on that day all the bonds that were left were deposited in the National Bank of Galena, as security for the debts of the company. After that, I know of no way in which he could have obtained the bonds he subscribed for by paying for them.'

"Appellant insists that the 18th of June, 1878, is the date at which the value of the eight bonds must be ascertained. He claims that that was the day the railroad company disposed of them to its own use, and thereafter became unable to deliver them. The circuit court took April, 1880, as the time at which to fix the value of the bonds, that being the time when the Chicago and Northwestern Railway Company purchased from the new company organized after the foreclosure sale. We are of opinion that in this the court erred, if it is true, as stated by Barrett, that there were no bonds to be delivered to complainant after June 18, 1878, and no way of obtaining them by paying for them after that time.

"Under the rule announced by the Supreme Court in this case, the value of the bonds should have been fixed at the time the company disposed of them, or became unable to deliver them.

"Barrett says, that at the time complainant subscribed for the eight bonds, "I certainly thought they were worth $650 each. I have no doubt that they were worth that sum on June 18, 1878.' At that time, as shown by the evidence, all

of the bonds had been sold or hypothecated at sixty-five cents on the dollar of their face value.

"The appellant was entitled to a credit, on the judgment against him, for the amount received by the Galena and Southern Wisconsin Railroad Company for the eight bonds subscribed for by appellant and converted by said railroad company to its use. In our opinion, the amount so received was sixty-five cents on the dollar of the principal sum of the eight bonds of $1000 each, making the sum of $5200, to which appellant was entitled to a credit, on said judgment, for said bonds. Appellant, under the decision of the circuit court, was only given a credit of $2560 on said judgment, for said bonds, when, as we hold, he should have been credited with the further sum of $2640, in addition to said sum of $2560, for said bonds. Crediting him with this amount for said bonds, together with the other credits allowed him in the decree of the circuit court, to which no cross-errors are assigned, it more than pays off and satisfies said judgment.

"For the errors herein indicated, the decree is reversed and the cause remanded, with directions to enter an additional credit of $2640 on said judgment, of the same date as the credit of $2560, heretofore made, these two sums together making the sixty-five cents on the dollar on the principal sum of said bonds, and an order be made that the judgment be perpetually enjoined."

A careful study of the record leads us to the same conclusion as that reached in the foregoing opinion, and the reasons therein given for the conclusion arrived at are in harmony with our own views.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*